15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 George E. GRAF, Plaintiff-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE CO., et. al.,
Defendants-Appellees.
 No. 92-55496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Dec. 7, 1993.
 
 1
 Before: FLETCHER, D.W. NELSON, Circuit Judges, and WILL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 George Graf appeals the district court's judgment that dismissed his complaint under Fed.R.Civ.P. 12(b)(6). Graf claims that the conversion policy he received through his employer is not subject to ERISA regulation. We have jurisdiction under 29 U.S.C. Sec. 1001 et seq. We affirm.
 
 I. The Group Plan is Subject to ERISA
 
 4
 Graf argues that Provident and Transamerica failed to prove that the group insurance plan through which Graf was issued his conversion policy was subject to ERISA preemption. ERISA preemption is a question of statutory interpretation reviewed de novo as a question of law. See Olson v. General Dynamics Corp., 960 F.2d 1418, 1420 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2968 (1992).
 
 
 5
 The U.S. Department of Labor has established a test to determine if a group plan is controlled by ERISA. ERISA does not regulate a group plan:
 
 
 6
 offered by an insurer to employees or members of an employee organization, under which
 
 
 7
 (1) No contributions are made by an employer or employee organization;
 
 
 8
 (2) Participation [in] the program is completely voluntary for employees or members;
 
 
 9
 (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
 
 
 10
 (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or checkoffs.
 
 
 11
 29 C.F.R. Sec. 2510.3-1(j) (1990). All four factors must exist for a plan to be exempt from ERISA. See Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 492 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989).
 
 
 12
 S & H Sales president Sonny Block submitted a declaration stating that the company purchased and used the group policy as a benefit for its employees, and that S & H contributed funds toward payment of the premiums of its employees' plans. These facts prevent the group policy from being exempt from ERISA under the Department of Labor's test.
 
 
 13
 II. The Conversion Policy is Subject to ERISA
 
 
 14
 Graf argues that even if ERISA applies to the group plan, it does not apply to the conversion policy. He claims that the conversion policy is an individual policy separate from the group plan and does not invoke the concerns of ERISA. We review ERISA preemption de novo. See Olson, 960 F.2d at 1420.
 
 
 15
 In Greany v. Western Bureau Life Ins. Co., 973 F.2d 1812 (9th Cir.1992), we addressed the issue of whether a conversion policy is part of a group plan for ERISA preemption purposes. We held that because the conversion claim would not exist but for the original group plan, any claims based on the conversion policy are subject to ERISA regulation. See id. at 817. Because Graf's conversion policy is derived from a group plan governed by ERISA, Greany mandates that it be subject to ERISA regulation. Therefore, Graf's claims regarding his conversion policy are preempted by ERISA.
 
 III. ERISA's Saving Clause Does Not Apply
 
 16
 Graf claims that even if the conversion policy is part of the group policy, it is nevertheless saved from preemption because California law mandates the provision of a conversion policy. ERISA's saving clause, 29 U.S.C. Sec. 1144(b)(2)(A), exempts from ERISA any state law that "regulates insurance." We review ERISA preemption de novo. See Olson, 960 F.2d at 1420.
 
 
 17
 In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the Supreme Court held that in order for a law to be determined to regulate insurance for the purposes of ERISA's saving clause, it must specifically be directed only to entities within the insurance industry. Id. at 48-49. The California law that mandated Graf's conversion policy does not meet the requirement of Pilot Life. The wording of the statute is not directed only to entities within the insurance industry, but also addresses "group policies."[1] "Group policies" as defined in the statute include self-funded plans provided by small employers that are not subject to ERISA. Cal.Ins.Code Secs. 12671(a) & (i) (West 1988). These plans are not part of the insurance industry. Therefore, the California law fails to "regulate insurance" for purposes of the Pilot Life test, and is not saved from ERISA preemption.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Insurance Code mandates that group insurance policies provide insureds with the option to elect a conversion policy within 31 days of termination, and that the maximum lifetime benefit be at least $100,000. Cal.Ins.Code Secs. 12674 & 12684 (West 1983)